UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-01726

HOWARD COHAN,

    Plaintiff,

vs.

MILESTONE HOSPITALITY, LLC,
d/b/a HAMPTON INN TITUSVILLE,

    Defendant.

_____/

## NOTICE OF FILING COURT'S INTERROGATORIES

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through undersigned counsel and pursuant to this Court's ADA Scheduling Order [D.E.7] ("Order"), hereby files these Responses to the Court's Interrogatories attached to the Order as "Exhibit A", and states as follows:

## COURT'S INTERROGATORIES – ADA TITLE III

1. Residence address.

**Plaintiff resides at 2377 NW 49th Lane Boca Raton, Florida 33431.**

2. Name of current employer and place of employment.

**None. Plaintiff is currently retired and receiving Social Security Disability payments.**

3. Date(s) and time(s) that you visited the facility.

**Plaintiff has a specific recollection of having visited the facility on July 21, 2021 around 6:30 p.m.**

4. Purpose of your visit(s) and duration of your stay(s).

**Plaintiff visited the Defendant's hotel as a bonafide patron seeking full and equal access and full and equal enjoyment of the facilities and amenities within the hotel.**

**Independent of the personal desire to have access to this place of public accommodation barriers to access, Plaintiff acts as an advocate for the disabled and as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in places of public accommodations. When acting as a "tester", Plaintiff personally visits the public accommodation, engages all of the barriers to access, or at least those that he is able to access, and tests all of those barriers to access to determine whether and to the extent to which they are illegal barriers to access.**

5. Did anyone else accompany you? If so, who?

**No.**

6. Describe the nature of your disability.

**Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As a result of these medical conditions Plaintiff's suffers body weakness, mobility limitations, abnormal gate, and abnormal balance.**

**Additionally, his ability to lift, reach, bend, stretch, and twist are all substantially restricted.**

7. Specifically list each of the architectural barriers which you personally observed or experienced at this facility.

   **Passenger Drop-Off Area**

   a. **Failing to provide a passenger loading zone with an access aisle marked with striping in violation of 2010 ADAAG §§209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3 and/or §§4.6, 4.6.1, 4.6.3 and 4.6.6 of the 1991 ADA Standards.**

   **Men's Restroom**

   a. **Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4 and/or §4.13.11 of the 1991 ADA Standards.**

   b. **Failing to provide the flush controls on the open side of the water closet in violation of 2010 ADAAG §§604, 604.6, 604.8.2 and 604.9.5 and/or §§4.18.4 and §4.16.5 of the 1991 ADA Standards.**

   c. **Failing to provide a toilet cover dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308 and/or §§4.16.6, 4.22.7, 4.23.7, 4.27 and 4.27.3 of the 1991 ADA Standards.**

   d. **Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§606, 606.1, 308 and 308.2.2 and/or §§4.16.6, 4.22.7, 4.27 and 4.27.3 of the 1991 ADA Standards.**

e. **Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4 and/or §4.16.6 of the 1991 ADA Standards.**

f. **Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§604, 604.5, 609 and 609.4 and/or §§4.17.6, 4.26 and 4.26.2 of the 1991 ADA Standards.**

g. **Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609 and 609.4 and/or §§4.26 and 4.26.2 of the 1991 ADA Standards.**

h. **Failing to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§603, 603.2, 603.2.3, 604, 604.3 and 604.3.1 and/or §§4.16, 4.16.2, 4.22 and 4.22.3 of the 1991 ADA Standards.**

i. **Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3 and/or §§4.19 and 4.19.6 of the 1991 ADA Standards.**

j. **Failing to provide the proper insulation or protection for the plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5 and/or §4.24.6 of the 1991 ADA Standards.**

k. **Failing to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§306, 306.1, 306.3 and 306.3.1 and/or §4.24.3 of the 1991 ADA Standards.**

### Food Service Area

a. **Failing to provide seating for a person with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306 and/or §§4.2.4, 4.2.5, 4.32.2 and 4.5 of the 1991 ADA Standards.**

b. **Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306 and/or §5.1 of the 1991 ADA Standards.**

8. Did you take notes or make a contemporaneous record of these barriers? If so, attach a copy to these Answers.

    **Yes, Plaintiff took photographs of the barriers. They are attached hereto as Exhibit "A".**

9. Please list any other Title III cases in which you have been a party in this District.

    **Plaintiff has been involved in approximately 250 Title III cases in this district. Please see attached printout from the Middle District of Florida Electronic Case Filing System, attached hereto as Exhibit "B".**

_____
Howard Cohan

STATE OF FLORIDA
COUNTY OF _Palm Beach_

__X__ The foregoing instrument was acknowledged before me by any means of physical presence or __X__ online notarization, by HOWARD COHAN, who being first duly sworn, deposes and says that he has read the foregoing Answers to Interrogatories, knows the contents of same, and to be the best of his knowledge and belief, the same are true and correct.

__X__ SWORN TO AND SUBSCRIBED before me by any means of ___ physical presence or __X__ online notarization, on this _10_ day of _November_, 2021.

Notary Stamp

NOTARY PUBLIC
_____
Signature of Person Taking Acknowledgment
Print Name:
Title: Notary Public      Jason S Weiss
Serial No. (if any):
Commission Expires:

Respectfully Submitted:

BY: /s/ *Jason S. Weiss*
      Jason S. Weiss
      Jason@jswlawyer.com
      Florida Bar No. 356890
      **WEISS LAW GROUP, P.A.**
      5531 N. University Drive, Suite 103
      Coral Springs, FL 33067
      Tel: (954) 573-2800
      Fax: (954) 573-2798
      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which automatically gives notice to all counsel of record, and sent a copy to Defendant, Milestone Hospitality, LLC, d/b/a Hampton Inn Titusville, c/o Suman R. Patel, 142 Oakwood Lane, Palm Beach Gardens, Florida 33410, via USPS mail.

      BY: /s/ *Jason S. Weiss*
           Jason S. Weiss